The opinion of the Court was delivered by
Dunkin, C. J.
The principal inquiry is, whether the plaintiff had a plain and adequate remedy at law. After a delay in the proceedings before the Court of Ordinary and in this Court, which the Chancellor says has been “already pro *452 tracted and perhaps vexatious,” it would be a source of regret to find that, being now remitted by this Court to the ordinary tribunal, he should find the remedy incomplete. The plaintiff is satisfied with the final decree of the Ordinary made 15th June, 1860; has no ground of complaint or objection, and does not desire to appeal. Under these circumstances, the Act of 1839 affords him no remedy to enforce the decree, either by writ of fieri facias or otherwise.
The original demand in this case was that of a legatee against an executor for payment of a legacy: a subject peculiarly proper for the cognizance of a Court of Equity. The legatee had, however, invoked the aid of the Ordinary, and, pending the proceeding, Walker and Glenn intervened as assignees of this chose in action. They made a general assignment to the plaintiff for the benefit of their creditors. To carry into effect the decree of June, 1860, by requiring an account and payment, these proceedings were thereupon forthwith instituted. The Chancellor declared himself restrained by the authority of McCulloch vs. Daniel, Harp. Eq. 255. In that case it is worthy of remark that, although the prayer of the bill to enforce the decree was not allowed, the defendant was ordered to account in the Court of Equity for his administration of the testator’s estate. It appeared in the sequel that he rendered an account, and, on such accounting, the bill of the plaintiff was dismissed. The right of the plaintiff to enforce the decree of the Ordinary in a Court of law is commended in the circuit decree upon the ground, as stated by the Chancellor, that, “according to all rule, the judgment of the Ordinary is to be regarded and treated in every other tribunal as conclusive upon the parties.” In McCulloch vs. Daniel this is stated hypothetically. The judgment of the Ordinary, say the Court, “ if conclusive against the defendant, may be enforced by an action at law.” The result, however, demonstrated that such judgment was not regarded as conclusive upon the parties ; and such has *453 been the decision of our tribunals even in an action upon the official bond of an administrator. See Simkins vs. Cobb, 2 Bail, 60. As we do not think tbe Act of 1839 affords any aid to tbe plaintiff in enforcing the judgment of the Ordinary in the existing circumstances, so neither do the provisions of that Act preclude him from asking the same measure of relief as was extended to the complainant in McCulloch vs. Daniel. If there be any defect in tbe pleadings, it may be amended by proper application to tbe Circuit Court, to which the cause is remanded; and tbe decree of tbe Chancellor is reformed accordingly.
Wardlaw and Inglis, J. J., concurred.

Decree reformed.